*615 Judgment, Supreme Court, New York County (Herman Cahn, J.), entered September 25, 2008, inter alia, denying plaintiff approval, in this stockholders’ derivative action, of a stipulation of settlement insofar as it provided plaintiff attorneys’ fees and expenses, unanimously reversed, on the law, without costs, the facts and in the exercise of discretion, to the extent appealed from, and the matter remanded to the Supreme Court, New York County, for further proceedings and findings of fact as to the reasonable value of plaintiffs counsel’s services and expenses. Appeal from order, same court and Justice, entered September 24, 2008, which, inter alia, denied plaintiffs motion for approval of a stipulation of settlement insofar as it provided for payment of plaintiffs attorneys’ fees and expenses, unanimously dismissed, without costs, as subsumed in the judgment.
The settlement approved by the Supreme Court in this action confers “substantial benefits” on the company since it caused extensive improvements to the company’s corporate governance and internal control policies, which provide material, lasting benefits to the company and its shareholders (Seinfeld v Robinson, 246 AD2d 291, 294 [1998]). Specifically, the reforms address the problems revealed in the company’s stock option granting and accounting processes and deter future misconduct by management. The settlement requires that the company adopt procedures not previously in place, which could have prevented the backdating of options that occurred. Accordingly, we find that plaintiff’s achievement of such results was sufficient to warrant an award of reasonable attorneys’ fees and expenses under Business Corporation Law § 626 (e). Concur— Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ. [See 21 Misc 3d 1107(A), 2008 NY Slip Op 52004(U).]